## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 11-CR-159-CVE |
| **JENNIFER ANN BYRUM,** | ) ) ) |
| **Defendant.** | ) ) |

### DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT

Defendant, Jennifer Ann Byrum, through her attorney Richard D. White Jr., submits the following objection to the revised presentence investigation report dated May 31, 2012 pursuant to 18 *U.S.C.A.*, FRCRP Rule 32(f).

Counsel for the Defendant received the initial Pre-Sentence Investigation Report (PSR) from the probation officer on May 15, 2012. Thereafter, counsel notified the probation officer via correspondence dated May 21, 2012 of Defendant's objection to the PSR. Counsel spoke with the probation officer regarding Defendant's objections and the PSR was revised on May 31, 2012. Defendant is not satisfied with the revised PSR and specifically objects to its attribution of 1.13 kilograms of methamphetamine to her.

Defendant's indictment charged her with conspiracy to distribute 500 grams or more of methamphetamine. The PSR lists Defendant's level of involvement at 1.13 kilograms. A drug quantity determination has to be made on the basis of quantity ***individually foreseeable*** to each defendant and such determination has to be based on trial testimony. *U.S. v. Corey*, 570 F.3d 373,

382-83 (1st Circ. 2009). The statute requires the district court to make a determination regarding each coconspirators level of accountability for each object offense and the quantity of narcotics involved in each object offense. *U.S. v. Irvin*, 2 F.3d 72, 76 (4th Circ. 1993). The theory of accountability must be viewed through the lens of the Court's holding in **Pinkerton v. U.S.,** 328 U.S. 640 (1946) based on the reasonable foreseeability on the part of each coconspirator.

The district court has discretion to determine if the Defendant "could have reasonably foreseen involvement with only a smaller quantity of a controlled substance than that alleged in the conspiracy charge…" *U.S. v. Bush*, 813 F.Supp. 1175, 1180 (E.D.Va. 1993).

The attribution of 1.13 kilograms to Defendant in the PSR appears to have been deduced from certain information contained within the incident report of Officer Ramsey. The PSR states co-defendant Medlin "informed officers that 'Barney' was the source of methamphetamine for Lawrence and Byrum. The PSR states co-defendant Lawrence "estimated purchasing methamphetamine from Becerra [AKA 'Barney'] on twenty-five to thirty occasions in the total amount of forty ounces (1.13kg)." The PSR states when Byrum was interviewed she stated over the last two months she and Lawrence made approximately fifty purchases of methamphetamine from Becerra [AKA 'Barney'].

The defendant has objected to this statement during a meeting in March 2012 with U.S. Attorney McCormick and Officer Ramsey. Officer Ramsey's incident report consistently characterized Byrum and Lawrence as a "they." Defendant maintains that all drug deals, apart from the September 21, 2011 undercover buy, were conducted only between Lawrence and Becerra. Byrum was not physically present inside Becerra's residence during his encounters with Lawrence. Byrum was not making calls to line up buyers for the drugs. Byrum was not meeting

buyers and obtaining money for the sale of the drugs. Byrum was not having discussion with Lawrence on strategy or plans for the distribution of the drugs. Byrum received neither drugs nor money in return for her purported participation in this conspiracy.

During the course of this conspiracy Byrum's only participation which furthered the criminal activity occurred on September 21, 2011. Said participation involved Byrum holding 88g of methamphetamine in a separate vehicle at the request of Lawrence while he met with the potential buyer who turned out to be an undercover officer. Once Lawrence was satisfied the deal would go through he contacted Byrum and requested she bring the 88g up to the vehicle. At that time officers converged on the vehicle and arrested Byrum, Lawrence and Medlin, this incident involved a total of 118g.

The Defendant's minimal participation in this conspiracy is best exhibited within comment note 2<(5) of *U.S.S.G.* §1B1.3 which states:

*"Defendant O knows about her boyfriend's ongoing drug trafficking activity, but agrees to participate on only one occasion by making a delivery for him at his request when he was ill. Defendant O is accountable under subsection (a)(1)(A) for the drug quantity involved on that one occasion. Defendant is not accountable for the other drug sales made by her boyfriend because those sales were not in furtherance of her jointly undertaken criminal activity (i.e., the one delivery)."*

Defendant believes the evidence presented at the sentencing hearing will prove that she could have reasonably foreseen her level of involvement in this conspiracy would include up to 118g of methamphetamine not 1.13kg as reported in the PSR. The quantity of drugs attributable to the Defendant has a direct relation to the imposition of sentence by the Court.

Defendant prays this Court thoughtfully consider her minimal role in this conspiracy together with her acceptance of responsibility and substantial assistance to the authorities when determining the appropriate sentence.

Respectfully submitted,

s/ Richard D. White, Jr.
Richard D. White, Jr., OBA #9549
Kara Pratt, OBA#30682
BARBER & BARTZ
525 S. Main Street, Suite 800
Tulsa, Oklahoma 74103
(918) 599-7755
Fax:  (918) 599-7756
RWhite@BarberBartz.com
Attorney for Defendant