

FILED

SEP 06 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TENTH CIRCUIT OF OKLAHOMA
TULSA, OKLAHOMA

THE UNITED STATES OF AMERICA

        Respondant;        Case No.: 11-cr-159-002-CVE

v.

MR. CLINT WESLEY MENZO LAWRENCE

        Petitioner;        Motion:
                              Modification of term
                              of Imprisonment Amend. §782

TO THE HONORABLE JUDGE OF THIS SAID COURT:

COMES NOW, THE PETITIONER, [LAWRENCE]; also known to all as Mr. Clint Wesley Menzo Lawrence, the petitioner, pro se; and respectfully moves this Honorable Court, pursuant to that of 18 U.S.C. §3582(c)(2) and §1B1.1(A) of: the United States Sentencing Guidelines, to reduce his sentence based upon, the Amendment 782 - Drugs Minus Two - which became effective for retroactive application on November 01, 2014, with the caveat that the amended sentence goes into effect November 01, 2015. In support thereof, the petitioner states as follows:

1. On June 26, 2012; the petitioner was sentenced to a term of 151 months of imprisonment by this Honorable Court, on One Count of: Conspiracy To Possess With Intent To Distribute 500 grams of Methamphetamine.

2. Pursuant To: the plea agreement entered between that of the United States Attorney and the petitioner, the Pre-Sentence Report as adopted by this Honorable Court, and the Judgment entered in this matter and action. The quantity to that of methamphetamine alleged to be involved in the petitioner's case was "at least 500 Grams."

3. Applying the applicable provisions of the Guidelines as they existed on the date of the petitioner's sentencing, the methamphetamine translated into a base offense level of 37.

4. Amendment §782 of the [USSG] revised the "DRUG QUANTITY TABLE" to a two level adjustment of the Base Offense Level for controlled substances. Amendment §782 was made to be retroactive by the United States Sentencing Commission, Pursuant To: U.S.S.C. §1B1.1(a); effective November 01, 2014.

Page 1 of 4

____ Mail  ___No Cert Svc  ___No Orig Sign
___C/J  ___C/MJ  ___C/Ret'd  ___No Env  Modification
___No Cpy's  ___No Env/Cpy's  ___O/J  ___O/MJ

5. When the petitioner's base offense level is recalculated under the new Drug Quantity Table of the Sentencing Guidelines, the base offense level for the methamphetamine now has been changed to level 35. Therefore, the petitioner is now entitled to be re-sentenced under the retroactively applied Amendment §782.

6. Factors for consideration under §1B1.1(a) Application Notes §1B1.1(iii) known as: Post Sentencing Conduct - — The Court may consider post sentencing conduct of the petitioner that had occurred after imposition of the original sentence, and the imposition of the term of imprisonment in determining; that:

   (1) [W]hether a reduction in the petitioner's term of imprisonment is warranted; and

   (II) [T]he extent of such reduction, but only within the limits described in subsection (b)(1) of:

   "Determination of Reduction In Term of Imprisonment"

   (a) Petitioner has maintained clear conduct during his current term of imprisonment, as well as obtained and attended courses, for; Certificates of Completion in 'DRUG EDUCATION', and furthermore, herein the petitioner is currently enrolled into a 'NON-RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM', and he is progressing extremely well...., and;

   (b). Petitioner does also maintain a job in the Department of Education, of the U.S.P Terre Haute, IN., teaching as a G.E.D. tutor, where he aids, assist, helps and supports those whom have an interest in building, and preparing for their future with acqiring the skills and tools necessary to obtain their G.E.D.

7. After the appropriate adjustments are calculated, the petitioner's offense level for the purpoose of re-sentencing starts at level 35. Therefore, for all of the intended purposes; petitioner's current 151 month sentence was based upon the Guideline Range of level 37, with a Criminal History Category of of VI; which gives a sentence of 360 to Life, before (a)ny departures, or variance provisions.

8. Therefore, his Adjustment Offence Level; after the two level reduction is 35. The petitioner's Criminal History Category's computation remains a Category VI, as computated in the Pre-Sentencing Report.

9. The appropriate Guideline Range for an Offense Level $\underline{35}$ with a Criminal History Category $\underline{VI}$, is 292 to 365 months. [P]etitioner moves for the Court to impose the sentence at the low end of the Guideline Range. The Petitioner has in fact demonstrated the most favorable post-sentencing conduct warranting the low end of the sentencing Guideline's given Range.

WHEREFORE:

BASED ON THE FOREGOING ARGUMENTS AND POINTS OF AUTHORITIES, this Honorable Said Court is respectfully urged to reduce, the petitioner's sentence, to 130 months and enter an amended -- and reflective judgment, on said changes, in the petitioner's given sentence or, alternatively reduce the petitioner's sentnece to the terms of imprisonment that this Honorable Said Court may in fact deem necessary, needed and required, as just and fair.

Respectfully presented and requested;

_09-05-19_

05 September 2019

Mr. Clint Wesley Menzo Lawrence
Registration No. # 11801-062
Federal Correctional Complex
U.S.P. Terre Haute
Post Office Box - 0033
Terre Haute, Indiana 47808

# C E R T I F I C A T E

## O F

## S E R V I C E

[I], HEREBY CERTIFY, that on this, 05th day of September of the year 2019, that this above styled information was now sent to the United States District Clerk of the Court for the herein above styled matter-in-fact, as well as an attached missive --- directing that the matter be therein forwarded to all parties that are herein involved.

[I], HEREBY CERTIFY, that all of the above herein and given and provided information --- is true, correct, and accurate, under the Penalties of Perjury as he has that of the knowledge to be; and herein and therefore know for it to be as proscribed under Title 28 of Section 1746 of the United States Code Service.

Presented respectfully;

s/ *[signature]*

Clint Wesley Menzo Lawrence

Modification

# A P P E N D I X

(A) **Eligibility.**—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

(B) **Factors for Consideration.**—

(i) **In General.**—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

(ii) **Public Safety Consideration.**—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

(iii) **Post-Sentencing Conduct.**—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

limits described in subsection (b).

2.  **Application of Subsection (b)(1).**—In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

3.  **Application of Subsection (b)(2).**—Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

If the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies. Thus, if the term of imprisonment imposed in the example provided above was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

Subsection (b)(2)(B) provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

11801062

at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities. In such a case, the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range. Instead, as provided in subsection (b)(2)(B), the court may, if appropriate, provide a reduction comparably less than the amended guideline range. Thus, if the term of imprisonment imposed in the example provided above was 56 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing), a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range) would amount to a comparable reduction and may be appropriate.

The provisions authorizing such a government motion are §5K1.1 (Substantial Assistance to Authorities) (authorizing, upon government motion, a downward departure based on the defendant's substantial assistance); 18 U.S.C. § 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance); and Fed. R. Crim. P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant's substantial assistance).

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

11801062

# SENTENCING TABLE
## (in months of imprisonment)

| | Offense Level | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|---|
| | | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
| Zone A | 1 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| | 2 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 1-7 |
| | 3 | 0-6 | 0-6 | 0-6 | 0-6 | 2-8 | 3-9 |
| | 4 | 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |
| | 5 | 0-6 | 0-6 | 1-7 | 4-10 | 6-12 | 9-15 |
| | 6 | 0-6 | 1-7 | 2-8 | 6-12 | 9-15 | 12-18 |
| Zone B | 7 | 0-6 | 2-8 | 4-10 | 8-14 | 12-18 | 15-21 |
| | 8 | 0-6 | 4-10 | 6-12 | 10-16 | 15-21 | 18-24 |
| | 9 | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| | 10 | 6-12 | 8-14 | 10-16 | 15-21 | 21-27 | 24-30 |
| Zone C | 11 | 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |
| | 12 | 10-16 | 12-18 | 15-21 | 21-27 | 27-33 | 30-37 |
| Zone D | 13 | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| | 14 | 15-21 | 18-24 | 21-27 | 27-33 | 33-41 | 37-46 |
| | 15 | 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |
| | 16 | 21-27 | 24-30 | 27-33 | 33-41 | 41-51 | 46-57 |
| | 17 | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |
| | 18 | 27-33 | 30-37 | 33-41 | 41-51 | 51-63 | 57-71 |
| | 19 | 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |
| | 20 | 33-41 | 37-46 | 41-51 | 51-63 | 63-78 | 70-87 |
| | 21 | 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |
| | 22 | 41-51 | 46-57 | 51-63 | 63-78 | 77-96 | 84-105 |
| | 23 | 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |
| | 24 | 51-63 | 57-71 | 63-78 | 77-96 | 92-115 | 100-125 |
| | 25 | 57-71 | 63-78 | 70-87 | 84-105 | 100-125 | 110-137 |
| | 26 | 63-78 | 70-87 | 78-97 | 92-115 | 110-137 | 120-150 |
| | *27 | 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |
| | 28 | 78-97 | 87-108 | 97-121 | 110-137 | 130-162 | 140-175 |
| | *29 | 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |
| | 30 | 97-121 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 |
| | 31 | 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |
| | 32 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 |
| | 33 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |
| | 34 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 |
| | 35 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 |
| | 36 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 |
| | 37 | 210-262 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life |
| | 38 | 235-293 | 262-327 | 292-365 | 324-405 | 360-life | 360-life |
| | 39 | 262-327 | 292-365 | 324-405 | 360-life | 360-life | 360-life |
| | 40 | 292-365 | 324-405 | 360-life | 360-life | 360-life | 360-life |
| | 41 | 324-405 | 360-life | 360-life | 360-life | 360-life | 360-life |
| | 42 | 360-life | 360-life | 360-life | 360-life | 360-life | 360-life |
| | 43 | life | life | life | life | life | life |

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | OKLAHOMA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| CLINT WESLEY MENZO LAWRENCE | Case Number:     11-CR-159-002-CVE |
| | USM Number:     11801-062 |
| | Walter Dewey Haskins, III |
| | Defendant's Attorney |

**THE DEFENDANT:**

[x] pleaded guilty to count     One of the Indictment

[] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[] was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) | Conspiracy to Possess With the Intent to Distribute 500 Grams or More of Methamphetamine | 9/21/11 | 1 |

The defendant is sentenced as provided in pages 2 through     6     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) _____

[] Count(s) _____ [] is   [] are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

June 26, 2012
Date of Imposition of Judgment

*Claire V. Eagl*

Signature of Judge

The Honorable Claire V. Eagan, U.S. District Judge
Name and Title of Judge

June 26, 2012
Date

DEFENDANT:         Clint Wesley Menzo Lawrence
CASE NUMBER:       11-CR-159-002-CVE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        151 months.

[x]    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be placed in a facility where he can participate in the Bureau of Prisons' Residential Drug Abuse Treatment Program.  The Court recommends that the Bureau of Prisons afford the defendant the opportunity to attend any and all parenting classes, vocational training, and educational opportunities.  Additionally, the Court recommends that the Bureau of Prisons designate a facility as close to Tulsa, Oklahoma as possible.

[x]    The defendant is remanded to the custody of the United States Marshal.

[]    The defendant shall surrender to the United States Marshal for this district:

[]    at _____  []  a.m.  []  p.m.  on  _____ .

[]    as notified by the United States Marshal.

[]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[]    before 12 noon on  _____ .

[]    as notified by the United States Marshal.

[]    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page    3    of    6

DEFENDANT:          Clint Wesley Menzo Lawrence
CASE NUMBER:        11-CR-159-002-CVE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Five years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

[]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)

[x]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[]  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4.  The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.  The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT:        Clint Wesley Menzo Lawrence
CASE NUMBER:      11-CR-159-002-CVE

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

3.  The defendant shall participate in a program of mental health treatment, to include inpatient, with a treatment provider and on a schedule approved by the probation officer. The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider.

DEFENDANT:          Clint Wesley Menzo Lawrence
CASE NUMBER:        11-CR-159-002-CVE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ N/A | $ N/A |

[]    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be
       entered after such determination.

[]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

       If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage
       payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $                          0 | $                          0 | |

[]    Restitution amount ordered pursuant to plea agreement  $ _____

[]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
       fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
       to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       []    the interest requirement is waived for the          []    fine    []    restitution.

       []    the interest requirement for the          []    fine    []    restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before
April 23, 1996.

DEFENDANT:         Clint Wesley Menzo Lawrence
CASE NUMBER:       11-CR-159-002-CVE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   [x] Lump sum payment of $ __100_____ due immediately, balance due

    []   not later than _____ , or
    []   in accordance with   □   C,    □   D,    □   E, or    □   F below; or

**B**   []   Payment to begin immediately (may be combined with     □   C,    □   D, or    □   F below); or

**C**   []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ ¯ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**   []   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   []   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[]   The defendant shall pay the cost of prosecution.
[]   The defendant shall pay the following court cost(s):
[]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Clint W. M. Lawrence #11801-062
U.S.P. Terre Haute
P.O. Box #33
Terre Haute, In. 47808

MXD

RECEIVED

SEP 0 6 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

11801-062
United States Courthouse
333 W 4TH ST  RM 411
Tulsa, OK 74103
United States

No postmark -DG

11-CR-159-02-CVE

From:     Mr. Clint Wesley Menzo Lawrence
          Registration No. # 11801-062  Unit E2-203
          Federal Correctional Complex - Terre Haute
          United States Penitentiary  - Terre Haute
          Post Office Box - 0033
          Terre Haute, Indiana  47808 - 0033

To:       The Honorable Said Clerk of The Court
          The Office of The Clerk of The Court
          The United States District Court For
          The Tenth Circuit Court - Northern District
          Page Belcher Federal Building & Courthouse
          333 West Fourt Street  Room - 411
          Tulsa, Oklahoma  74103 - 3819

In re:    The United States of America
                      v.        Lawrence

Case No.: USDC - 4:11-cr-159-002-CVE

Subject:  Motion Request For Reduction of Sentence
                  Drugs-Minus-Two Act (2014) Amnd. §782
                  And 18 U.S.C. § 3582(c)(2)

          05 September 2019

          Honorable Clerk of the Court;

          As you are reading this greetings and blessings.

          I, hope all with you and yours is truly fine and well.

          The purpose of this missive is as such:


1.        That this Honorable Said Clerk take notice that
          herein enclosed and attached to this missive is
          an above styled captioned, and presented Motion:
          as addressed in that of the listed subject line.

2.        That I, the petitioner; humbly makes an open and
          honest request to have the motion to be properly
          filed and that all of the parties, that are here-
          in involved be notified of the filing.

          I, thank you in advance for your aid and assistance,
          and that any and all further reliefs be granted.

                                Respectfully requested;

          _____          _____
          05  September 2019           Mr. Clint Wesley Menzo Lawrence
                                       Reg. No. # 11801-062