# UNITED STATES DISTRICT COURT
# for the
# Northern District of Oklahoma

## Petition for Warrant for Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Clint Wesley Menzo Lawrence | **Case Number:** | 11-CR-0159-002-CVE |

**FILED UNDER SEAL**

| | |
|---|---|
| **Date of Original Sentence:** | June 26, 2012 |
| **Original Offense/ Statute:** | Conspiracy to Possess With the Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) |
| **Original Sentence:** | One-hundred-fifty-one-month term of imprisonment, five-year term of supervised release, $100 Special Monetary Assessment |
| **Type of Supervision:** | Supervised Release |
| **Date Supervision Commenced:** | June 9, 2023 |
| **Date Supervision Expires:** | June 8, 2028 |

### PETITIONING THE COURT

**to issue a WARRANT so defendant may be brought before the Court to show cause why the term of supervision should not be revoked.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Special Condition No. 2:** The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider. |

On January 25, 2024, August 30, 2024, October 7, 2024, and October 29, 2024, Lawrence submitted urine specimens that were diluted.

On August 19, 2024, September 7, 2024, and December 4, 2024, Lawrence failed to submit urine specimens as directed.

On December 23, 2024, December 30, 2024, January 13, 2025, and January 20, 2025, Lawrence failed to have his sweat patch applied as directed.

2 **<u>Violation of Mandatory Condition No. 4:</u> The defendant shall not unlawfully possess a controlled substance.**

On September 20, 2024, and November 18, 2024, Lawrence submitted a urine specimen that tested positive for amphetamine and methamphetamine.

United States Probation Officer Garrett Russell would testify that on September 20, 2024, and November 18, 2024, Lawrence submitted a urine specimen that tested positive for amphetamine and methamphetamine. Officer Russell would testify that on September 25, 2024, during a phone call, Lawrence admitted to taking unknown pills from a man he met at a pool bar.

3 **<u>Violation of Standard Condition No. 2:</u> The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.**

On January 14, 2025, Lawrence failed to report to the probation office as directed.

United States Probation Officer Garrett Russell would testify that on January 14, 2025, he sent a text message to Lawrence instructing him to report to the probation office by 11:00 a.m. Officer Russell would testify that Lawrence failed to report as directed.

4 **<u>Violation of Standard Condition No. 6:</u> The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.**

On approximately January 14, 2025, Lawrence changed residences and failed to notify the probation officer. Lawrence's whereabouts are currently unknown.

United States Probation Officer Garrett Russell would testify that on January 3, 2025, he attempted a home visit at Lawrence's reported residence. Officer Russell would testify that Lawrence's female roommate answered the door and stated that Lawrence was at work, and that he still resided at the residence. Officer Russell would testify that on January 15, 2025, he attempted another home visit with Lawrence at his reported residence. Officer Russell would testify that two young girls who reside at the residence answered the door and advised that Lawrence had moved out. Officer Russell would testify that he attempted to contact Lawrence by phone two times, and Lawrence did not respond. Officer Russell would testify that on January 16, 2025, he attempted to call Lawrence and sent him a text message instructing him to contact the probation office. Officer Russell would testify that on January 16, 2025, he spoke with Lawrence's supervisor, Tony, who advised that he was unsure if Lawrence was working today, and that Lawrence did not answer the phone when he attempted

to call him. Officer Russell would testify that Tony stated he told Lawrence that he needed to communicate with his probation officer and comply with his conditions of supervision. Officer Russell would testify that, on January 21, 2025, he spoke with Tony again, who advised that Lawrence had not reported for work since January 17, 2025, and that Lawrence has not responded to his phone call attempts. Officer Russell would testify that, on January 21, 2025, he attempted another home visit at Lawrence's reported residence and spoke with the homeowner, Chris. Officer Russell would testify that Chris advised that Lawrence has not lived at that residence since approximately January 14, 2025, and that he is unaware of Lawrence's whereabouts. Officer Russell would testify that Chris stated that he and his wife would attempt to contact Lawrence and ask him to contact his probation officer. Officer Russell would testify that on January 22, 2025, he attempted another home visit at Lawrence's reported residence and spoke with the homeowner, Chris, who advised that they have not heard from Lawrence since last speaking with Officer Russell the previous day. Officer Russell would testify that his last contact with Lawrence was on January 7, 2025, and Lawrence has made no attempts to contact Officer Russell as directed. Officer Russell would testify that Lawrence failed to notify his probation officer of his change of residence and employment as directed. Officer Russell would testify that Lawrence's whereabouts are currently unknown.

**Exhibits**

**Exhibit A:** Copy of the relevant pages of the Judgment reflecting the conditions of supervision ordered by the Court and the defendant's signature acknowledging that he read, understood, and received a copy of the imposed conditions.

**Exhibit B:** Copy of an Alere Laboratory Drug Test Report which reflects that the urine sample submitted by the defendant on September 20, 2024, tested positive for methamphetamine.

**Exhibit C:** Copy of an Alere Laboratory Drug Test Report which reflects that the urine sample submitted by the defendant on November 18, 2024, tested positive for methamphetamine.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2025

*s/ Garrett Russell*
Garrett Russell
United States Probation Officer

Reviewed by,

*s/ Alton Walker*
Alton Walker, Supervising
United States Probation Officer

Date:   1/27/2025

THE COURT ORDERS:

- ☐ No Action
- ☒ The Issuance of a Warrant
- ☐ The Issuance of a Summons
- ☐ Other: _____

It is further the Order of the Court that the Clerk of Court distribute the Petition and Order to the United States Probation Office, the United States Marshals Service, and the United States Attorney's Office only.

*Claire V. Eagan* (signature)

_____      January 28, 2025
Claire V. Eagan,     Date
United States District Judge

DEFENDANT: Clint Wesley Menzo Lawrence
CASE NUMBER: 11-CR-159-002-CVE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Five years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT:      Clint Wesley Menzo Lawrence
CASE NUMBER:    11-CR-159-002-CVE

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

3. The defendant shall participate in a program of mental health treatment, to include inpatient, with a treatment provider and on a schedule approved by the probation officer. The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider.

### Acknowledgement of Conditions

I have read or have had read to me the conditions of supervision set forth in this judgement and fully understand them and have been provided a copy of them.

I understand that upon a finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and or (3) modify the conditions of supervision.

Signature _____   Date 6-14-23

U.S. Probation Officer _____   Date



**EXHIBIT B**

# Abbott

## DRUG TEST REPORT

Alere Toxicology Services, Inc.
1111 Newton Street
Gretna, LA 70053
(800) 433-3823
FAX: (504) 361-8298

| | |
|---|---|
| OKLAHOMA NORTHERN PROBATION | |
| TERRIL SWEETWOOD | |
| 333 WEST FOURTH STREET | |
| SUITE 3820 | |
| TULSA, OK 74103 | |
| Facility Phone: 918-699-4863   Fax: 918-699-4873 | |

| | |
|---|---|
| Account Number: | 108545POP |
| Div. Office Number: | 108545POP |
| National Lab Number: | 69100078 |
| Specimen ID Number: | B05360045 |
| Specimen Type: | URINE |

Collection Site Number: 10850000P
Collection Site Name: OKLAHOMA NORTHERN PROBATION
Collection Site Address: 333 WEST FOURTH ST. STE. 3820
Collection Site City, State Zip: TULSA, OK 74103
Collection Site Phone: 918-699-4863
Collection Site Fax: 918-699-4873

PACTS Number: 8197
Onsite Test ID: OKNP00100334
Case Officer Initials: GR

Collector Name
N/A

Donor Name/ID: LAWRENCE
Reason for Drug Test: Urine Surveillance

Date Collected: 09/20/24
Date Received: 10/02/24
Date Reported: 10/04/24

Panel Description: AMPH CONF CLIN 1098

| Drug Test Result | Drug/Remark | Quantitative Value |
|---|---|---|
| POSITIVE | AMPHETAMINE | |
| | METHAMPHETAMINE | |
| NOTIFICATION | D-METHAMPHETAMINE | 93 % |
| | L-METHAMPHETAMINE | 6 % |

Confirmation Method: GC/MS and/or LC-MS/MS

The following drugs and/or drug classes were tested at the indicated threshold (cut-off) levels:

| Description | Screening Level | Confirmation Level | Result |
|---|---|---|---|
| AMPHETAMINE / METHAMPHETAMINE | | 250 ng/ml | POSITIVE |
| MDMA / MDA | | 250 ng/ml | NEGATIVE |
| METHAMPHETAMINE ISOMERS | | | NOTIFICATION |

| Validity Test | Result | Normal Range |
|---|---|---|
| CREATININE | NORMAL | > 20 mg/dL |
| SPECIFIC GRAVITY | NORMAL | = or > 1.0030 - < 1.0450 |
| pH | NORMAL | = or > 4.0 - < 10 |

Comments: NEGATIVE FOR OXIDIZING AGENTS

*Trianda Spriggens* (signature)

TRIANDA SPRIGGENS - CERTIFYING TECHNICIAN/SCIENTIST

N/A

COLLECTOR NAME

Page 1 of 2

# Chain of Custody for Drug Analysis
## Federal Probation Services

**Alere Toxicology Services, Inc.**
1111 Newton St., Gretna, LA 70053
(504) 361-8989 (800) 433-3823

P552501/2825359

**Results Name & Address**

OKLAHOMA NORTHERN PROBATION
333 WEST FOURTH STREET
SUITE 3820
TULSA, OK 74103
918-699-4863

108545POP

Specimen Number: **B05360045**
Account Number: **10850000P**

Barcode: B05360045

Tests Ordered (Check all that apply)
- [ ] Primary Test Panel
- [x] Confirmation Only (specify) **AmpH**
- [ ] Individual Special Tests (specify)

## SPECIMEN ID INFORMATION

Case Officer Initials: **GR**   Date Collected: **09/20/24**

Collector's Name: [blank]

- [ ] 01 Officer
- [ ] 02 Treatment Program
- [ ] 03 Other

Offender/Defendant Last Name: **Lawrence**

First Name: [redacted]

PACTS No.: **8197**   Onsite/Test ID: **OXNP0100334**

Reason For Specimen:
- [ ] 01 Presentence Report
- [x] 04 Urine Surveillance
- [ ] 02 Substance Abuse Treatment
- [ ] 05 Pretrial Report
- [ ] 03 Mental Health Treatment
- [ ] 06 Other (specify)

## MEDICAL QUESTIONNAIRE

Medicine(s) Name | Reason for Use | Date Used

### Specimen Collector Certification
I certify I collected the specimen identified by the specimen number on this form in accordance with the required collection procedures. I certify I applied the numbered security seal and barcode to the specimen bottle in the offender's/defendant's presence. I have verified that the specimen number on the form, the barcode, and the specimen seal are identical.

Collector's Signature: [blank]   Date: [blank]

### Specimen Transfer Certification
I certify I prepared for transfer to Testing Laboratory the specimen identified by the specimen number on this form and have verified the identity of the specimen with its collection chain of custody documentation. I certify I applied the numbered security seal and barcode to the specimen bottle. I have verified the specimen number on the form, the barcode, and specimen security seal are identical.

Transferer's Signature: Ashley Pafon   Date: 09/30/24

Specimen Received By: _____   Date Received: _____   Seal Intact: [ ] Yes [ ] No

### SCREEN — CONFIRMATION
Accessioner: T. MCPHERSON
J McPherson
RCVD: 10/02/2024  SEAL INTACT
Transfer to Temp Storage
Chain #: B05360045

DRUG: _____
DRUG: _____
THC: _____

COMMENTS: _____
Certified by: _____

### SPECIMEN BOTTLE(S) RELEASED TO:
**TEMPORARY STORAGE**

69100078    69100078
Barcode: 69100078

8656350856

PLY 2  SEND THIS COPY TO LAB WITH SPECIMEN

Page 2 of 2



**EXHIBIT C**

# DRUG TEST REPORT

Abbott

Alere Toxicology Services, Inc.
1111 Newton Street
Gretna, LA 70053
(800) 433-3823
FAX: (504) 361-8298

OKLAHOMA NORTHERN PROBATION
TERRIL SWEETWOOD
333 WEST FOURTH STREET
SUITE 3820
TULSA, OK 74103
Facility Phone: 918-699-4863    Fax: 918-699-4873

| | |
|---|---|
| Account Number: | 108545POP |
| Div. Office Number: | 108545POP |
| National Lab Number: | 69789361 |
| Specimen ID Number: | B05379630 |
| Specimen Type: | URINE |

Collection Site Number: 10850000P
Collection Site Name: OKLAHOMA NORTHERN PROBATION
Collection Site Address: 333 WEST FOURTH ST. STE. 3820
Collection Site City, State Zip: TULSA, OK 74103
Collection Site Phone: 918-699-4863
Collection Site Fax: 918-699-4873

PACTS Number: 8197
Onsite Test ID: OKNP0105149
Case Officer Initials: GR

Collector Name
NA

Donor Name/ID: LAWRENCE

Date Collected: 11/18/24
Date Received: 01/18/25
Date Reported: 01/25/25

Reason for Drug Test: Urine Surveillance

Panel Description: AMPH CONF CLIN 1098

| Drug Test Result | Drug/Remark | Quantitative Value |
|---|---|---|
| POSITIVE | AMPHETAMINE | |
| | METHAMPHETAMINE | |
| NOTIFICATION | D-METHAMPHETAMINE | 99 % |
| | L-METHAMPHETAMINE | 0 % |

Confirmation Method: GC/MS and/or LC-MS/MS

The following drugs and/or drug classes were tested at the indicated threshold (cut-off) levels:

| Description | Screening Level | Confirmation Level | Result |
|---|---|---|---|
| AMPHETAMINE / METHAMPHETAMINE | | 250 ng/ml | POSITIVE |
| MDMA / MDA | | 250 ng/ml | NEGATIVE |
| METHAMPHETAMINE ISOMERS | | | NOTIFICATION |

| Validity Test | Result | Normal Range |
|---|---|---|
| CREATININE | NORMAL | > 20 mg/dL |
| SPECIFIC GRAVITY | NORMAL | = or > 1.0030 - < 1.0450 |
| pH | NORMAL | = or > 4.0 - < 10 |

Comments    NEGATIVE FOR OXIDIZING AGENTS

_D. Washington_
TABITHA WASHINGTON - CERTIFYING TECHNICIAN/SCIENTIST

NA
COLLECTOR NAME

Page 1 of 2

# Chain of Custody for Drug Analysis
## Federal Probation Services

**Alere Toxicology Services, Inc.**
1111 Newton St., Gretna, LA 70053
(504) 361-8989 (800) 433-3823
P585046/2542756

**Specimen Number:** B05379630
**Account Number:** 10850000P

**Results Name & Address**
OKLAHOMA NORTHERN PROBATION
333 WEST FOURTH STREET
SUITE 3820
TULSA, OK 74103
918-699-4863

108545POP

**Tests Ordered (Check all that apply)**
- [ ] Primary Test Panel
- [x] Confirmation Only (specify): AMPH
- [ ] Individual Special Tests (specify):

### SPECIMEN ID INFORMATION
**Case Officer Initials:** G R
**Date Collected:** 11/18/24
**Collector's Name:**
- [ ] 01 Officer
- [ ] 02 Treatment Program
- [ ] 03 Other

**Offender/Defendant Last Name:** Lawrence
**First Name:** [redacted]
**PACTS No.:** 8197
**Onsite/Test ID:** O K N P 0 1 0 5 1 4 9

**Reason For Specimen:**
- [ ] 01 Presentence Report
- [ ] 02 Substance Abuse Treatment
- [ ] 03 Mental Health Treatment
- [x] 04 Urine Surveillance
- [ ] 05 Pretrial Report
- [ ] 06 Other (specify)

### MEDICAL QUESTIONNAIRE
Medicine(s) Name | Reason for Use | Date Used

### Specimen Collector Certification
I certify I collected the specimen identified by the specimen number on this form in accordance with the required collection procedures. I certify I applied the numbered security seal and barcode to the specimen bottle in the offender/defendant's presence. I have verified that the specimen number on the form, the barcode, and the specimen seal are identical.

Collector's Signature / Date

### Specimen Transfer Certification
I certify I prepared for transfer to Testing Laboratory the specimen identified by the specimen number on this form and have verified the identity of the specimen with its collection chain of custody documentation. I certify I applied the numbered security seal and barcode to the specimen bottle. I have verified the specimen number on the form, the barcode, and specimen security seal are identical.

Transferer's Signature / 01/11/25

Accessioner: C. PERRY
RCVD: 01/18/2025  SEAL INTACT
Transfer to Temp Storage
Chain #: B05379630

### CONFIRMATION
DRUG: ____
DRUG: ____
THC: ____
COMMENTS: ____
Certified by: ____

**Date Received:** ____
**Seal Intact:** [ ] Yes  [ ] No

**SPECIMEN BOTTLE(S) RELEASED TO:**
TEMPORARY STORAGE

69789361    69789361
69789361

8656350856

PLY 2    SEND THIS COPY TO LAB WITH SPECIMEN